UNITED STATES BANKRUPTCY  COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| JENNIFER ST. HILL | : | |
| Debtor | : | Bankruptcy No. 04-30919F |

.................................................

MEMORANDUM

.................................................


The chapter 7 trustee, Marvin Krasny, has filed a "Motion to Compel Debtor to Provide Access to Debtor's Property for Marketing Purposes."  The trustee intends to sell the debtor's residence, and seeks to compel her cooperation so that prospective buyers (and their brokers, appraisers and/or inspectors) can have reasonable access to the realty in order to facilitate its sale.  The debtor opposes such motion, arguing that the trustee first needs permission to sell the co-owner's interest in the property in this chapter 7 case.

This motion was originally scheduled for June 1, 2005.  On that date, counsel for the co-owner requested a two-week adjournment in order to determine whether or not his client will oppose the trustee's sale of the realty.  Although I granted the postponement, I now conclude that the trustee's motion to compel the debtor's cooperation should be granted.  The position of the co-owner regarding the sale remains material, as it may determine the proper procedure by which the trustee seeks to sell the realty.  Thus, the hearing now scheduled for June 15, 2005 will go forward.

I.

The property at issue, 217 West Indian Creek Road, Wynnewood,

Pennsylvania, is the residence of the debtor and her children.  This property is purportedly

owned by Mr. and Mrs. St. Hill as tenants by the entireties.  The debtor's husband, Mr.

Tommie St. Hill, does not reside there: he and the debtor are estranged and in the midst of

a divorce.

The debtor filed a voluntary petition in bankruptcy under chapter 7 on

August 11, 2004.  Mr. Krasny was appointed interim chapter 7 trustee under section

701(a)(1), and became permanent trustee under section 702(d).  When the debtor filed her

bankruptcy schedules on September 7, 2004, she valued her residence at $542,000; she

amended that valuation to $552,000 (and most recently listed the value at $600,000 on her

amended Schedule C, although she indicated that her interest was $276,000—half of

$552,000).  She also scheduled liens against the property as follows: $4,107.00 (Lower

Merion Township for sewer and trash charges); $9,393.38 (Montgomery County Tax

Claim Bureau); and $627,343.00 (National Penn Bank).[1]  Thus, according to the debtor,

the property is fully encumbered and there is no equity available for unsecured creditors.

All of these secured claims are scheduled as joint obligations.  The debtor

has also scheduled more than $3.6 million in unsecured debts.  Included among her

unsecured creditors is "PIDC," listed as holding two unsecured claims aggregating more

---

[1]National Penn has filed a proof of claim in the amount of $631,485.30.

than $2.87 million.  The PIDC debt is scheduled as jointly owed by the debtor and her estranged husband.[2]

Alleging that the debtor's $552,000 value was merely the price she paid for the property nine years ago, not the true value now, the trustee sought and received approval to hire an appraiser to estimate the fair market value of the property as well as an order compelling the debtor to permit the trustee's appraiser access to the property.  The trustee asserts, in connection with his instant motion, that his appraiser has now estimated the fair market value of the realty at $1,500,000—far greater than the debtor's valuation.

When the debtor filed her original bankruptcy schedules, she elected the federal exemptions under section 522(b) and (d).  Among her claimed exemptions was the federal homestead exemption under section 522(d)(1).  If the appraiser's estimate of value for her residence is correct, there would be significant non-exempt equity in the realty.  Thus, the trustee challenged the debtor's homestead exemption—to the extent that the debtor was implicitly asserting that her interest in the residence was entirely exempt—and an order was entered sustaining the trustee's objection.  By virtue of that order, the debtor's exemption in her residence was limited to $18,450.

The trustee thereafter was granted approval to hire Duffy Real Estate, Inc. as his real estate broker; but he now alleges that the debtor has not cooperated with the real estate broker in providing access to the property to prospective purchasers.  Thus, the instant motion to compel cooperation.

---

[2]There are scheduled other joint, unsecured debts as well.

3

The debtor has just attempted to amend her exemptions from the federal exemptions to those permitted under Pennsylvania law. <u>See</u> 11 U.S.C. § 522(b).[3] She now claims that her residence is exempt under state entireties law.

II.

A.

The debtor defends her opposition to providing the trustee's broker (and prospective buyers) with access to her residence by maintaining that the trustee cannot proceed to sell this realty, as it is co-owned by Mr. St. Hill, without first successfully litigating an adversary proceeding pursuant to 11 U.S.C. § 363(h).[4] This subsection

_____

[3]The trustee, in his memorandum in support of his motion, reserves the right to challenge this amendment as barred by laches. For purposes of the present contested matter, I will assume that the debtor can assert her state law exemption rights.

[4]Section 363(h) states:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(continued...)

4

provides, under certain conditions, for the sale of both the debtor's interest and the

interest "of any co-owner in property in which the debtor had, at the time of the

commencement of the case, an undivided interest as a tenant in common, joint tenant, or

tenant by the entirety . . . ."  11 U.S.C. § 363(h).  The Bankruptcy Rules permit a trustee

to sell the debtor's interest in property under section 363(b) or (f) via motion.  Fed. R.

Bankr. P. 6004(c).  However, a trustee is required to file a complaint and summons to

obtain sale approval of a co-owner's interest pursuant to section 363(h).  Fed. R. Bankr.

P. 7001(3).

As the debtor's residence is purportedly owned by the entireties, and as the

trustee intends to sell both the debtor's interest and the co-owner's interest in the

property, the debtor insists that the trustee must proceed by an adversary proceeding and

obtain relief under section 363(h) prior to demanding her cooperation with a proposed

sale.  At this point, the co-owner makes no such demand.  The debtor, however, asserts

her standing to raise section 363(h) because she would be a "person aggrieved" by the

trustee's sale, since she and her children reside at the property.  The debtor also argued in

her response to the trustee's motion to compel that she believes her valuation of the

---

[4](...continued)
> (3) the benefit to the estate of a sale of such property
> free of the interests of co-owners outweighs the
> detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production,
> transmission, or distribution, for sale, of electric
> energy or of natural or synthetic gas for heat, light,
> or power.

property is accurate, as based on the county's tax assessment value, and that therefore there is no equity for the trustee to obtain for creditors.

The trustee counters that the debtor has a duty to cooperate with the trustee in his attempt to sell the realty. Furthermore, the trustee contends that the debtor's estranged husband consents to the sale, and thus no adversary proceeding need be commenced under section 363(h). (The debtor believes that her husband does not consent to the sale of his interest in the property and "inevitabl[y] . . . will join the fray".) Finally, the trustee argues that the debtor has no standing to raise the 363(h) issue; only the non-debtor co-owner has standing.

The question of the trustee's authority to sell the realty, and the proper procedure to do so, is not presently before me, and I must avoid rendering an advisory opinion on those points. <u>See</u> <u>generally</u> <u>Coffin v. Malvern Federal Sav. Bank</u>, 90 F.3d 851 (3d Cir. 1996). Nonetheless, for reasons discussed below, I conclude at this juncture that the trustee is likely to obtain such authority, thereby warranting marketing access to the residence at this time.

III.

The parties present a "chicken or the egg" riddle. Which should come first: a grant of access to the debtor's property in order to demonstrate the fair market value of the property; or approval to sell the debtor's as well as the non-debtor, co-owner's interest? Arguably, if the trustee will ultimately be unable to sell the realty under section 363(h), then the debtor should not be inconvenienced by allowing third parties access to

her residence.  On the other hand, if prospective purchasers are denied access to the

property until the trustee first obtains authorization to sell, the trustee may be deprived of

evidence demonstrating the fair market value of the property.  This deprivation may

prevent the trustee from demonstrating his entitlement to, or justification for, a sale.[5]

Regarding access, the trustee correctly points out that a chapter 7 debtor is

bound to "cooperate with the trustee as necessary to enable the trustee to perform the

trustee's duties under this title[.]" 11 U.S.C. § 521(3); see In re Marve, 43 Fed. Appx.

943, 945 (6th Cir. 2002) (sanctioning debtor for intentionally failing to cooperate with

trustee in sale of property); In re Hutter, 215 B.R. 308, 312 (Bankr. D. Conn. 1997)

(debtor may not interfere with trustee's duties).  Those duties include collecting and

reducing to money the property of the estate for which such trustee serves.  11 U.S.C. §

704(1); see In re Riverside-Linden Inv. Co., 925 F.2d 320, 322 (9th Cir. 1991) (trustee's

"main" duty is to expeditiously liquidate assets and close the estate); In re Wilson, 4 B.R.

605, 606 (Bankr. E.D. Wash. 1980) (same); see also In re Hyman, 967 F.2d 1316, 1320

(9th Cir. 1992) (section 704(1) requires the trustee to reduce "estate property to cash").

The debtor, meanwhile, must "surrender to the trustee all property of the

estate . . . ." 11 U.S.C. § 521(4).  As of the commencement of a bankruptcy case, all legal

or equitable interests in property of the debtor become property of the estate.  11 U.S.C. §

541(a).  In addition, the debtor is required to "cooperate with the trustee in the . . .

administration of the estate[.]" Fed. R. Bankr. P. 4002(4).

---

[5]The appropriate manner to resolve the parties' dispute over the fair market value
of the residence is to allow the marketplace to establish value.  Moreover, the present summer
season is generally considered the preferable time for prospective buyers to view residential
properties.

Thus, in general, directing a debtor to provide the trustee with access to the property for marketing purposes, in order to enhance its sale price, is consistent with the Code and Rule's directive that the debtor cooperate with the trustee's administration of property of the estate and the trustee's duty to maximize the value of property of the estate.

As I understand the debtor's answer to the motion and her subsequent terse memorandum, she does not challenge her duty to cooperate with the trustee. Rather, she contends that any such cooperation is premature until the trustee has authority to sell. And, as the property is co-owned with her estranged spouse by the entireties, the debtor contends that the trustee must first establish all of the criterion of section 363(h) before he will be empowered to sell.[6]

The debtor's objection—since the trustee is not presently seeking court approval to sell—is really one of inconvenience. That objection would have greater force if the present record demonstrated that the trustee was unlikely to obtain court approval to sell.

For example, when only one spouse files for bankruptcy relief and claims the Pennsylvania exemptions involving entireties property, it is understood that the proceeds of entireties property can be used only to pay creditors who have joint claims against the spouses, see Napotnik v. Equibank and Parkvale Savings Ass'n, 679 F.2d 316, 321-22 (3d Cir. 1982), but cannot be used to pay creditors who do not have joint claims.

---

[6]Technically, the trustee is already authorized to sell the debtor's interest in realty, under section 363(b) and (f), without selling the co-owner's interest. Whether that interest has any value by itself where entireties property is concerned is problematic, which is the reason that Congress enacted section 363(h). See generally In re Ivey, 10 B.R. 230, (Bankr. N.D. Ga. 1981).

See, e.g., In re Knapp, 285 B.R. 176 (Bankr. M.D.N.C. 2002); In re Koesling, 210 B.R.

487 (Bankr. N.D. Fla. 1997); In re Pernus, 143 B.R. 856, 858-59 (Bankr. N.D. Ohio

1992).  Where there are both joint and single creditors, entireties property is administered

for the benefit of the joint creditors only.  See Sumy v. Schlossberg, 777 F.2d 921, 928

(4th Cir. 1985); In re Pepenella,103 B.R. 299, 302 (M.D. Fla. 1988).  Therefore, "[t]he

absence of joint creditors may . . . [render entireties property] unavailable for sale under

section 363(h).  3 Collier on Bankruptcy, ¶ 363.08[2], at 363-61 (15th ed. rev. 2004).

        Similarly, where the entireties property has a value less than or equal to the

liens against it, typically a trustee's request for relief under section 363(h) would not be

granted.  Since the sale would not benefit unsecured creditors, the trustee should abandon

the property under section 554 rather than sell it for the benefit of the lienholders.  See,

e.g., In re K.C. Machine & Tool Co., 816 F.2d 238, 246 (6th Cir. 1987) (trustee should

abandon property if the liens exceed the value of the collateral).

        If it seemed likely that there was no equity in the debtor's residence, or

there were no joint unsecured creditors to benefit from the sale of entireties property, I

would hesitate to compel a chapter 7 debtor to cooperate with the trustee before the

trustee would obtain authority to sell.  But here, the debtor's schedules reflect substantial

joint unsecured debts, thus warranting the trustee's attention to entireties property.  See

Matter of Koehler, 19 B.R. 308, 309 (Bankr. M.D. Fla. 1982).  Moreover, the trustee has

obtained an appraisal estimating substantial equity in the property (and exposure to the

marketplace will establish conclusively whether there is equity in the realty).  Therefore,

it presently appears that the only reason that the trustee would not receive authority to sell

would be a failure to meet the requirements of section 363(h).

On the presently known facts, that also is an unlikely contingency.

If Mr. St. Hill, the non-debtor co-owner, consents to the sale, the trustee may not even be required to even present evidence under section 363(h).  See Veltman v. Whetzal, 93 F.3d 517, 522 (8th Cir. 1996) (section 363(h) inapplicable if non-debtor co-owner consents to the sale); In re Friedel, 324 B.R. 138, 141 (Bankr. M.D. Ala. 2004) (court allowed trustee to proceed by motion under section 363(b) and (f) rather than adversary where the co-owner consented to the sale); In re Belyea, 253 B.R. 312, 316 (Bankr. D.N.H. 1999) (adversary proceeding not warranted where all parties, including co-owner, given notice and participated in litigating the issues, facts regarding practicability of partition stipulated to, and creditor with lien on both parcels consented to partition); see also 3 Collier on Bankruptcy, ¶ 363.08[1], at 363-57 (15th ed. rev. 2004) ("Of course, a sale of property free of a co-owner's interest may proceed with the co-owner's consent, regardless of the conditions in section 363(h).").[7]

---

[7]The debtor suggests that some decisions hold that a trustee must commence an adversary proceeding even if the co-owner consents to the sale, citing to In re Maloney, 146 B.R. 168, 173 n.3 (Bankr. W.D. Pa. 1992 and In re Wickham, 127 B.R. 9, 11 (Bankr. E.D. Va. 1990). Without now deciding that question, I note that neither cited decision is apposite.  Maloney involved the trustee's objection to the debtor's exemption claim.  Wickham concerned a motion to sell entireties property over the objection of the co-owner.

When a party improperly proceeds by motion (i.e., contested matter) rather than by complaint, the error is waivable.  See In re Zolner, 249 B.R. 287, 292 (N.D. Ill. 2000); In re Dusty Rhoads Guns and Sporting Goods, Inc., 1993 WL 379537, at *1 n.1 (Bankr. E.D. Pa. 1993); see also In re Orfa Corp. of Philadelphia, 170 B.R. 257, 275-76 (E.D. Pa. 1994). Thus, a consenting co-owner could waive any procedural defect involving section 363(h). Accordingly, the conclusion that a trustee must proceed by complaint, even when the co-owner supports relief under section 363(h), may assume that the debtor has standing to object under section 363(h).

Without now resolving that procedural issue, it is possible that a chapter 7 debtor may have no standing to object to relief under section 363(h), as the provision was intended to protect the interests of the co-owner.  See In re Hutter, 215 B.R. at 312 (section 363(h) only protects rights of co-owner); see generally In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir. 1998) (chapter 7 debtor cannot object to a sale if all proceeds would be distributed

(continued...)

10

If Mr. St. Hill does not consent to the sale then—given his absence from the premises (thereby limiting the detriment the transfer would cause to him); given the impractical nature of partition of this property, see In re Grabowski, 137 B.R. 1, 3 (S.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir. 1992) (Table); In re Sutton, 1990 WL 25050, at *1 (D.N.J. 1990); and given that the estate would realize significantly more from the sale of the entire property, while retaining one-half the net proceeds, than from the sale of only the debtor's interest in the entireties property, see In re Roswick, 231 B.R. 843, 859 (Bankr. S.D.N.Y. 1999)—the trustee is likely to prevail under section 363(h).[8]

Accordingly, while the trustee has not yet sought, or obtained, authorization to sell the debtor's interest in realty, as well as that of her co-owner, the facts surrounding this dispute make it likely that the trustee will ultimately gain that authority.  Therefore, while I appreciate that there will be some inconvenience to the debtor and her family, it is appropriate to direct her to cooperate with the trustee's sale efforts at this time.  See, e.g., In re Ambotiene, 316 B.R. 25, 38 (Bankr. E.D.N.Y. 2004) (landlord was required to grant access to the trustee so he could value the debtor's personal property located at the leasehold); In re Kuhlman, 254 B.R. 755, 756-57 (Bankr. N.D. Cal. 2000) (court ordered the debtor to grant the trustee access to the residence prior to any authority to sell realty). The preferable course of action is to allow present access to the property—otherwise bids on the property would be made contingent on inspection, and therefore likely would be lower than otherwise could be obtained.  See, e.g., In re Brown, 293 B.R. 865, 867

---

[7](...continued)
to creditors).

[8]Residential property is obviously not used for power production, distribution  or transmission.  See 11 U.S.C. § 363(h)(4).

(Bankr. W.D. Mich. 2003) (when the debtor failed to comply with the court's order to provide access, the trustee obtained offer to purchase contingent on inspection prior to closing).

       An appropriate order will be entered.

UNITED STATES BANKRUPTCY  COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                        :    Chapter 7

JENNIFER ST. HILL                            :

              Debtor                         :    Bankruptcy No. 04-30919F

.................................................

ORDER

.................................................


        AND NOW, this 13th day of June 2005, the trustee's Motion to Compel

Debtor to Provide Access to Debtor's Property for Marketing Purposes is granted.  The

debtor shall make the property located at 217 West Indian Creek Road, Wynnewood,

Pennsylvania, available for inspection by brokers, prospective purchasers and inspectors,

at reasonable times and upon advance notice.


                                    _____
                                          BRUCE FOX
                                    United States Bankruptcy Judge


copies to:

Ms. Jennifer St. Hill
217 West Indian Creek Road
Wynnewood, PA 19096

Gretchen M. Santamour, Esquire
Wolf, Block, Schorr and Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103

David A. Scholl, Esquire
6 St. Albans Avenue
Newtown Square, PA 19073

Prince Altee Thomas, Esquire
Fox, Rothschild, O'Brien & Frankel
2000 Market St., 10th Fl.
Philadelphia, PA 19103